```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**LAMONT VAN HARRIS,**

    **Movant,**

**v.**                                    **Case No. 2:01-cr-00261-7**
                                          **Case No. 2:04-cv-00780**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence, filed pursuant to 28 U.S.C. § 2255, on July 11, 2004 (docket sheet document # 338).

Movant, Lamont Van Harris (hereinafter referred to as "Defendant"), is serving a sentence of 72 months in prison, to be followed by a three year term of supervised release, upon his guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Judgment in a Criminal Case, # 192, entered April 17, 2003.) The District Court also imposed a special assessment of $100.00, and waived imposition of a fine. Id. Defendant's court-appointed counsel was Nelson R. Bickley.

Defendant's appellate counsel was Wiley W. Newbold, who filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). In response to an Anders notice issued by the Clerk of the U.S. Court

of Appeals for the Fourth Circuit, Defendant timely filed an <u>Anders</u> supplemental brief, presenting three issues:

> 1. His guilty plea was not knowing and voluntary.
> 2. The determination of his relevant conduct at sentencing was erroneous.
> 3. He was denied effective assistance of counsel.

The direct appeal was unsuccessful. <u>United States v. Harris</u>, No. 03-4360, 98 Fed. Appx. 240 (4th Cir. May 24, 2004).

## Grounds for Relief

Defendant raises the following grounds for relief in his Motion:

> A. Ground one: Guilty plea was not knowing and voluntary. I took a plea bargain in order to have the remaining charges dismissed. Prosecution had lead me to believe the drugs seized from the place of residence, which did not get brought up until after my plea hearing, along with a letter I had wrote to associate, would not be used against me.
>
> B. Ground two: Determination of relevant conduct at sentencing. The relevant conduct used against me wasn't in my indictment. Nor was it in the prosecution letter of the plea as their read[il]y provable relevant conduct. The drugs from the protective sweep was used to enhance my sentence. When no arrest or indictment was issued in this case pertaining to the protective sweep illegal seizer [sic; seizure].
>
> C. Ground three: Ineffective assistance of counsel. My counsel Mr. Bickley advise[d] me that I have to convince the judge I am guilty in order to get my plea bargain when he knew of my innocence. He stated that if I go to trial I would be found guilty by an all white jury. Instead of suppression hearing, he set up a plea arrangement. On my subpoena to the grand jury before the indictment, he had advise[d me] not [to] testify on my behalf.
>
> D. Ground four: Ineffective assistance of counsel. On direct appeal, my counsel filed an <u>Anders</u> brief. He

2

>     stated he no longer represent me.  I was wanting to en
>     banc after the Supreme [Court] ruling [in] <u>Blakely v.
>     Washington</u>.

(Motion, at 5-6.)

### Procedural History

On September 18, 2002, Defendant was indicted by a federal grand jury, charged with five counts relating to the distribution of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (# 33.)  Counsel was appointed (Nelson R. Bickley, # 51).

On November 25, 2002, Defendant entered a guilty plea to Count Nine of the indictment, pursuant to a plea agreement (# 127). Sentencing was scheduled for February 20, 2003 (# 128), and continued to April 14, 2003 (# 179).

The Judgment in a Criminal Case was entered on April 17, 2003, and the next day, Defendant filed a pro se notice of appeal (# 195).  Mr. Newbold was appointed as of May 6, 2003, to represent Defendant on appeal (# 201).

After Defendant's conviction and sentence was affirmed, and *during the period of time within which Defendant could have filed a petition for a writ of certiorari with the Supreme Court*, Defendant filed the instant § 2255 motion.  By Order entered August 18, 2004, the motion was held in abeyance pending appellate rulings on the effect of <u>Blakely v. Washington</u> on the Sentencing Guidelines (# 348).  On July 11, 2005, Defendant's motion for appointment of counsel was granted, and G. Ernest Skaggs was appointed to

represent him (## 340, 721). The government was directed to file a response "to all grounds contained in Movant's Motion, *including his allegation that he requested appellate proceedings after his direct appeal, and his counsel failed to comply with his request*." (Order entered July 11, 2005, # 722.) The United States filed its response to the motion on September 27, 2005 (# 748), and attorney Skaggs filed a reply to the government's Response (# 765).

### Ground one: Guilty plea

Defendant raised the issue of whether his guilty plea was knowing and voluntary in his supplemental pro se brief, filed on direct appeal. The Fourth Circuit ruled as follows:

> This court generally reviews the adequacy of a guilty plea proceeding de novo. *See United States v. Damon*, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (citing *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995)). Rule 11 violations, however, are reviewed under a harmless error standard. *See id.* Any variance from the Rule 11 requirements that does not affect the substantial rights of the defendant is disregarded. *See* Fed. R. Crim. P. 11(h); *United States v. DeFusco*, 949 F.2d 114, 117 (4th Cir. 1991). We have reviewed the district court's thorough Rule 11 colloquy, and conclude that Harris cannot show that his guilty plea was unknowing or involuntary.

United States v. Harris, 98 Fed. Appx. 240, 241 (4th Cir. 2004).

Issues raised on direct appeal, absent an intervening change in the law, cannot ordinarily be raised again in a § 2255 Motion. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). There has been no intervening change in the law which would warrant reconsideration of Defendant's Rule 11 claim.

4

**Ground two: Relevant conduct**

Defendant raised the issues set forth in ground two of his § 2255 motion in his supplemental pro se brief on direct appeal. The Fourth Circuit addressed them as follows:

> Harris objects to the determination of his relevant conduct at sentencing. A district court's determination of the drug quantity attributable to a defendant is a factual finding reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its accuracy. *United States v. Uwaeme*, 975 F.2d 1016, 1021 (4th Cir. 1992). Harris objects to the inclusion of a quantity of marijuana shipped to a third party, which the recipient stated he was receiving for Harris. We conclude that the district court's credibility determination was not clearly erroneous. Harris also objects to the inclusion of drugs found during a search of his residence. Harris did not file a motion to suppress the drugs. Even illegally-seized evidence may be used against the defendant at sentencing. *See United States v. Lee*, 540 F.2d 1205, 1211-12 (4th Cir. 1976); *see also United States v. Acosta*, 303 F.3d 78, 84-85 (1st Cir. 2002)(collecting cases). Here, the drugs were not suppressed, and Harris is unable to show that their attribution to his relevant conduct at sentencing was clearly erroneous.

Harris, 98 Fed. Appx. at 241-42. The holding in Boeckenhaupt would, ordinarily, prevent a re-examination of these issues on collateral review. However, there has been an intervening change in the law (United States v. Booker, 543 U.S. 220 (2005)). If the proposed findings and recommendation of the undersigned with respect to Defendant's fourth ground for relief are adopted, then Defendant will presumably be subject to re-sentencing, with a re-evaluation of his relevant conduct.

**Ineffective assistance of counsel**

Defendant makes several assertions that he was denied effective assistance of counsel. Accordingly, the undersigned will address the standard of review of claims of ineffective assistance of counsel at the outset.

The Supreme Court addressed the right to effective assistance of counsel in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). In <u>Strickland</u>, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. <u>Id.</u> The first prong is competence; Defendant must show that the representation fell below an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. 466 U.S. at 688-89.

> In order to meet the first prong, a defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

460 U.S. at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

### Ground three: Plea and sentencing

Defendant has divided his claims of ineffective assistance of counsel between ground three (Mr. Bickley in the district court) and ground four (Mr. Newbold in the Fourth Circuit). In his supplemental pro se brief on direct appeal, Defendant contended that he received ineffective assistance of counsel from Mr. Bickley. The Fourth Circuit concluded "that Harris has not shown conclusively from the face of the record that counsel provided ineffective representation," and declined to address the claims "at this juncture." Harris, 98 Fed. Appx. at 242.

Defendant claims that Mr. Bickley (1) knew that Defendant was innocent, and advised Defendant to convince the judge that he was guilty so that he would get a plea bargain; (2) told Defendant he would be convicted by an all-white jury if he went to trial; and (3) set up a plea hearing rather than a suppression hearing.

The United States filed a response which includes an affidavit from Mr. Bickley which refutes Defendant's statements. (Response, # 748, Ex. F.) Moreover, the transcripts demonstrate conclusively that Defendant's guilty plea was knowing and voluntary, and they reflect that Mr. Bickley was successful in reducing the amount of drugs attributable to Defendant as relevant conduct, and reducing

7

his Total Offense Level by two levels.  Id., Exs. A and B.

### Ground four: Appeal

Defendant's Motion succintly asserts: "On direct appeal my counsel filed an *Anders* brief.  He stated he no longer represent me.  I was wanting to en banc after the Supreme ruling Blakely v. Washington."  (Motion, at 6.)

When the Fourth Circuit affirmed Defendant's conviction and sentence on May 24, 2004, it followed its practice in cases in which an attorney has filed an *Anders* brief, of including the following language at the conclusion of its opinion:

> This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

Harris, 98 Fed. Appx. at 242.

The Plan of the United States Court of Appeals for the Fourth Circuit In Implementation of The Criminal Justice Act ("CJA Plan") provides as follows:

> V.  ATTORNEY'S DUTY TO CONTINUE REPRESENTATION
>
> * * *
>
> 2.  Appellate Counsel: Every attorney, including retained counsel, who represents a defendant in this court shall continue to represent his client after termination of the appeal unless relieved of further responsibility by this court or the Supreme Court.  Where counsel has not been relieved:
> If the judgment of this court is adverse to the

> defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant. Thereafter, unless otherwise instructed by the Supreme Court or its clerk, or unless any applicable rule, order or plan of the Supreme Court shall otherwise provide, counsel shall take whatever further steps are necessary to protect the rights of the defendant, until the petition is granted or denied.
>
> If the appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with this court wherein counsel requests to be relieved of the responsibility of filing a petition for writ of certiorari. The motion must reflect that a copy was served on the client.

Similar language appears in the "Memorandum To Attorneys Appointed Under The Criminal Justice Act," also published by the Fourth Circuit.

The American Bar Association's publication which sets standards for attorneys who defend persons charged with crimes addresses the appellate duties of counsel as follows:

Standard 4-8.3 Counsel on Appeal

> (a) Appellate counsel should not seek to withdraw from a case solely on the basis of his or her own determination that the appeal lacks merit.
>
> * * *
>
> (c) If the client chooses to proceed with an appeal against the advice of counsel, counsel should present the case, so long as such advocacy does not involve deception of the court. When counsel cannot continue without misleading the court, counsel may request permission to withdraw.

<u>ABA Standards for Criminal Justice, Prosecution Function and Defense Function 3rd ed.</u>, § 4-8.3, at 239 (1993). In the Commentary to the Standard, the following appears:

> Once counsel has accepted appointment or has been retained to pursue a client's case on appeal, he or she should continue representation of the client until all direct appeal possibilities desired to be pursued by the client are exhausted, new counsel is substituted, or a court otherwise orders or permits counsel to withdraw.

<u>Id.</u>, at 242.

In its Response, the United States has provided a copy of a letter from Mr. Newbold to Defendant, dated May 26, 2004, which states, in pertinent part, as follows:

> If you wish to appeal the case further, you may
>
> 1) Petition the United States Supreme Court by Writ of Certiorari. (Petition must be filed within 90 days of the judgment of the Circuit Court. Sup. Ct. R. 13)
>
> 2) Petition the Fourth Circuit for a hearing (Petition must be filed within 14 days. Federal Rules of Appeallate Procedure, Rule 40);
>
> 3) Petition the Fourth Circuit for a hearing *en banc* (before all of the judges of the 4th Circuit. Must be filed within 14 days, pursuant to guidelines of F.R.A.P. 35);
>
> 4) Prepare a *habeas corpus* petition, as I discussed in my letter to you of December 23, 2003.
>
> If you wish to pursue options 1, 2, or 3, you must notify the court immediately, as the petition must be received in the clerk's office of the Circuit Court within 14 days of judgment. Since the brief filed in your case was an *Anders* brief, if you ask me to pursue any of those options, I will file the petition and then move the court to withdraw and appoint substitute counsel, since I have already come to the conclusion that you have no issue suitable for direct appeal.

(Response, Ex. D.) The letter has five paragraphs setting forth certain procedures concerning habeas corpus petitions filed pursuant to 28 U.S.C. § 2255.

On June 24, 2004, the Supreme Court issued its decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), a case which sent a shock wave through Federal and State courts. Beginning shortly after June 24, 2004, legal journals, newspapers, lawyers, and legal commentators engaged in widespread speculation as to whether the United States Sentencing Guidelines were rendered unconstitutional under the reasoning of <u>Blakely</u>. In keeping with today's high-tech web-logs ("blogs"), a blog devoted almost exclusively to <u>Blakely</u> issues became widely known and continues today. *See* http://sentencing.typepad.com. The uncertainty over the continued validity of the Sentencing Guidelines was so great that the Supreme Court expedited review of <u>United States v. Booker</u>, in which the Court ultimately ruled that the Sentencing Guidelines cannot be applied as mandatory restrictions on judicial discretion.

The United States also filed an affidavit from Mr. Newbold, which states, *inter alia*:

> 6. On June 29, 2004, defendant contacted me via telephone. We discussed his options in light of <u>Blakely</u>. We also spoke by telephone on July 2, 5, 9, and 18, 2004. I advised defendant that his best option was to proceed with a habeas corpus petition (a 2255).
>
> * * *
>
> 8. In retrospect, after <u>Blakely</u>, I should have advised defendant to petition for certiorari to the

11

United States Supreme Court. His case might have been remanded under Booker.

Id., Ex. E.

The Response of the United States asserts that "defendant *elected* to file this 2255." (# 748, at 9.) [Emphasis added.] The only evidence in support of this statement is the fact that Defendant in fact filed a § 2255 motion. Defendant contends that he wished to pursue his appeal ("to en banc"), and that Mr. Newbold told him that "he no longer represent me." The United States has not refuted this latter statement.

<u>Mr. Newbold's representation fell below an objective standard of reasonableness.</u>

It is apparent that Mr. Newbold did not follow the Fourth Circuit's directive, found at the conclusion of its decision, and the CJA Plan. It is true that Mr. Newbold informed Defendant of his right to file a petition for a writ of certiorari. However, his representation went no further to preserve and to prolong Defendant's direct appeal; in fact, it appears that he abandoned Defendant, but he never filed a motion to withdraw.

Mr. Newbold's affidavit is more significant for what it does not say than for what it says. The affidavit states that "[w]e discussed [Defendant's] options" in five telephone calls, but absolutely no information is given as to the substance of those conversations. The only information given is that Mr. Newbold advised Defendant to file a § 2255 motion. There is no excuse for

12

such avoidance of the issue, particularly when the undersigned specifically requested that the post-appeal time period be addressed, in the Order entered July 11, 2005.

The undersigned notes that the docket sheet for Defendant's case in the Fourth Circuit reflects that the Clerk received Mr. Newbold's CJA 20 voucher on July 1, 2004, and it was certified for payment on July 15, 2004. Obviously Mr. Newbold had no intention of continuing his representation of Defendant, and he was not paid for the conversations with Defendant on July 2, 5, 9, and 18, 2004.

The government argues:

> Even, assuming arguendo, that an application for a Writ of Certiorari would have kept defendant's case active on the docket if the guidelines were overturned, as they eventually were by United States v. Booker, 125 S. Ct. 738 (2005), such an outcome was not necessarily foreseeable. At the time, Attorney Newbold's advice to defendant, i.e. to pursue the 2255 rather than the Writ of Certiorari, was reasonable.

(# 748, at 15.)

The undersigned finds this argument to be unpersuasive. Counsel is not expected to predict the Supreme Court's rulings in a particular case. However, Mr. Newbold had the Blakely decision in hand, and represented a client who wished to have that decision applied to his case. Moreover, widespread commentary strongly suggested that the Supreme Court would issue a landmark decision on Blakely's application to the Sentencing Guidelines. The only certain way to obtain review of Defendant's case in light of Blakely was to continue his direct appeal.

It was definitely not reasonable to advise Defendant to file a collateral challenge to his conviction and sentence, hoping that the Supreme Court would apply <u>Blakely</u> retroactively on collateral review. It is a rare occurrence indeed for the Supreme Court to apply any of its decisions retroactively on collateral review.

<u>Defendant has been prejudiced.</u>

Defendant apparently asked his counsel, prior to <u>Blakely</u>, to file a petition for rehearing en banc; it is impossible to determine, based on the present record, what other steps he asked his attorney to take post-<u>Blakely</u>. It is evident that Defendant has pursued his rights to the best of his ability throughout his case. If a petition for a writ of certiorari had been filed, it is highly likely that Defendant's case, like thousands similar to it, would have been held pending the anticipated Supreme Court decision on the validity of the Sentencing Guidelines. Most of those cases have been remanded for proceedings consistent with <u>United States v. Booker</u>.

When Defendant was sentenced, the presiding district judge, the Hon. Joseph R. Goodwin, applied the Guidelines as he was mandated to do, having heard testimony and made findings of fact as to relevant conduct. (Tr. Disp. Hrng., # 218.) Judge Goodwin has described the post-<u>Booker</u> advisory Guideline regime as "a completely new universe for federal sentencing courts." <u>United States v. Gray</u>, 362 F. Supp.2d 714, 722 (S.D. W. Va. 2005).

14

The procedural and substantive differences between continuing a direct appeal and filing a § 2255 motion are significant indeed. The <u>Booker</u> decision specifically states that it is to be applied "to all cases on direct review or not yet final." 125 S. Ct. at 769. Based on <u>Booker</u>, the Fourth Circuit has ruled that defendants whose sentences were premised on drug quantities neither found by the jury nor admitted by the defendant, and which were imposed under a mandatory Sentencing Guidelines regime, are entitled to be resentenced. <u>United States v. Hughes</u>, 401 F.3d 540, 555-56 (4th Cir. 2005).

By contrast, ten circuit courts of appeals (including the Fourth) have ruled that <u>Booker</u> does not apply retroactively to cases on collateral review. <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65 (4th Cir. 2005); <u>United States v. Cruz</u>, 423 F.3d 1119 (9th Cir. 2005); <u>Padilla v. United States</u>, 416 F.3d 424 (5th Cir. 2005)(per curiam); <u>Never Misses A Shot v. United States</u>, 413 F.3d 781 (8th Cir. 2005)(per curiam); <u>United States v. Bellamy</u>, 411 F.3d 1182 (10th Cir. 2005); <u>Lloyd v. United States</u>, 407 F.3d 608 (3rd Cir.), <u>cert. denied</u>, 126 S. Ct. 288 (2005); <u>Guzman v. United States</u>, 404 F.3d 139 (2nd Cir.), <u>cert. denied</u>, ___ S. Ct. ___, 2005 WL 3144193 (Nov. 28, 2005) (No. 05-5187); <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir.), <u>cert. denied</u>, 126 S. Ct. 199 (2005); <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir.)(per curiam), <u>cert. denied</u>, 126 S. Ct. 312 (2005); <u>McReynolds v. United States</u>, 397 F.3d 479

(7th Cir.), cert. denied, 125 S. Ct. 2559 (2005). Not one circuit court of appeals has decided that Blakely or Booker applies retroactively on collateral review.

As a result of Mr. Newbold's failure to comply with his client's wishes to continue to pursue his direct appeal, Defendant was deprived of the opportunity to have his sentence remanded for proceedings consistent with Booker, and, possibly, imposed by Judge Goodwin in the "completely new universe" of non-mandatory Guidelines. The post-Booker system is less restrictive and district judges have more discretion than previously. It is possible that post-Booker, Defendant would receive the same sentence as pre-Booker; knowing such a fact for a certainty is not the standard. Rather, to determine whether a defendant has been prejudiced as a result of his attorney's failure to provide effective assistance of counsel, the court must determine whether there is a "reasonable probability" that the result of the proceeding would have been different.

Defendant admitted to making two sales of crack cocaine (total weight: 0.99 gram) to a confidential informant, producing a Base Offense Level of 16. Defendant's relevant conduct as determined by Judge Goodwin at sentencing was based on the admitted conduct, plus (a) two grams of crack cocaine (historical sales to the confidential informant), (b) 880 grams of marijuana, and (c) 19 grams of crack, 0.38 gram of cocaine powder, and 0.033 gram MDMA

(found in a sock on his dresser when officers were searching his mother's residence to arrest him), yielding a Base Offense Level of 28. Defendant objected to all the additional relevant conduct. No other enhancements were applied. Thus the "reasonable probability" standard has certainly been met.

For the foregoing reasons, the undersigned proposes that the presiding district judge **FIND** that:

--Mr. Newbold's representation of Defendant post-direct appeal fell below an objective standard of reasonableness in that he failed to preserve Defendant's right to pursue his direct appeal to the Supreme Court.

--Mr. Newbold's advice that Defendant file a § 2255 motion, in light of Blakely, was not an exercise of reasonable professional judgment.

--Defendant was denied effective assistance of counsel in connection with his appeal on and after June 24, 2004.

--Defendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different in that Defendant's case would likely have been remanded for proceedings consistent with Booker.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the District Court grant Movant's Motion filed pursuant to 28 U.S.C. § 2255, with respect to his fourth ground for relief, deny

the Motion with respect to the first and third grounds for relief, and consider the second ground for relief at the re-sentencing.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Lamont Van Harris, and to counsel of record.

<u>  December 15, 2005  </u>  
    Date

*Mary E. Stanley*  
Mary E. Stanley  
United States Magistrate Judge

19