IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LAMONT VAN HARRIS,

          Petitioner,

v.                                   CIVIL ACTION NO. 2:04-cv-00780
                                   (Criminal No. 2:01-cr-00261-07)

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket 338]. This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and has recommended that the court grant the petitioner's § 2255 motion. Neither party filed objections to the Magistrate Judge's findings and recommendation.

The failure of a party to object to a Magistrate's findings and recommendation constitutes a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Thomas v. Arn*, 474 U.S. 149 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 776 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Nevertheless, the district court should not accept a Magistrate Judge's recommendation that contains an error of law apparent on its face. *Camby v. Lester*, 718 F.2d 198, 199-200 (4th Cir.

1983).  The court has reviewed the findings and recommendation and **FINDS**, for reasons stated herein, that the Magistrate Judge's recommendation contains a clear error of law.

I.	**Factual Background**

The petitioner, Lamont Van Harris, is serving a sentence of seventy-two months imprisonment, to be followed by a three-year term of supervised release, resulting from his guilty plea to a charge of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). On September 18, 2002, a grand jury charged the petitioner and others in a twelve count Superseding Indictment relating to the distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The court appointed Nelson R. Bickley as trial counsel.  On November 25, 2002, the petitioner pled guilty to Count Nine of the Indictment pursuant to a plea agreement.  The court sentenced the petitioner on April 14, 2003.

On April 18, 2003, the petitioner filed a *pro se* notice of appeal and the court appointed Wiley W. Newbold as appellate counsel. Mr. Newbold filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating his belief that the appeal was not meritorious.  The Clerk of the Court of Appeals for the Fourth Circuit issued an *Anders* notice and Mr. Newbold timely filed an *Anders* supplemental brief.  The brief addressed three issues: (1) whether the defendant's guilty plea was knowing and voluntary; (2) whether the determination of the defendant's relevant conduct at sentencing was erroneous; and (3) whether the defendant was denied effective assistance of counsel. The Fourth Circuit affirmed the district court on all grounds in a decision issued May 24, 2004. *United States v. Harris*, 98 F. App'x 240, 242 (4th Cir. 2004).

Pursuant to his duties under the Fourth Circuit's plan that implements the Criminal Justice Act of 1984 ("CJA plan"),[1] Mr. Newbold sent the petitioner the following letter on May 26, 2004:

> If you wish to appeal the case further, you may
> 1) Petition the United States Supreme Court by Writ of Certiorari. (Petition must be filed within 90 days of the judgment of the Circuit Court. Sup. Ct. R. 13);
>
> 2) Petition the Fourth Circuit for a hearing (Petition must be filed within 14 days. Federal Rules of Procedure, Rule 40);
>
> 3) Petition the Fourth Circuit for a hearing en banc (before all of the judges of the 4th Circuit. Must be filed within 14 days, pursuant to guidelines of F.R.A.P 35);
>
> 4) Prepare a *habeas corpus* petition, as I discussed in my letter to you of December 23, 2003.
>
>    If you wish to pursue options 1, 2, or 3, you must notify the court immediately, as the petition must be received in the clerk's office of the Circuit Court within 14 days of judgment. Since the brief filed in your case was an Anders brief, if you ask me to pursue any of those options, I will file the petition and then move the court to withdraw and appoint substitute counsel, since I have already come to the conclusion that you have no issue suitable for direct appeal.

(Resp't Ex. D.)

On June 24, 2004, the Supreme Court issued its opinion in *United States v. Blakely*, 542 U.S. 296 (2004). Petitioner contacted Mr. Newbold on June 29, 2004, to discuss his options in light of *Blakely*. (Resp't Ex. E.) At that time, petitioner told Mr. Newbold that he wanted to petition for rehearing en banc.[2] (Pet'r's Mot. 6.) The petitioner and Mr. Newbold spoke again on July 2, 5, 9, and 18, of 2004 regarding petitioner's options. (Resp't Ex. E.) Mr. Newbold advised the petitioner

---

[1] *See* Plan of the United States Court of Appeals for the Fourth Circuit, In Implementation of the Criminal Justice Act, § V, P 2 (July 14, 2005); Criminal Justice Act, 18 U.S.C. § 3006A (2006).

[2] The fourteen-day time limit to file a petition for a rehearing en banc had elapsed before their conversation.

"that his best option was to proceed with a habeas corpus petition (a 2255)." (*Id.*) Mr. Harris followed this advice, and filed the instant § 2255 motion. Mr. Harris raised four grounds for relief: (1) his guilty plea was not knowing and voluntary; (2) the sentencing judge improperly calculated the defendant's relevant conduct; (3) ineffective assistance of counsel at the trial level; and (4) ineffective assistance of counsel at the appellate level.

**II.    Discussion**

I **FIND** no error in the Magistrate Judge's findings and recommendations with respect to grounds one and three of petitioner's motion. Therefore, the court **ADOPTS** the Magistrate Judge's findings and recommendations on ground one and ground three of the petition. The court **FINDS** that an error of law apparent on its face exists with respect to the Magistrate Judge's findings on ground four. The Magistrate Judge's findings did not fully address ground two because of her recommendation on petitioner's fourth ground for relief. The court will briefly discuss petitioner's second ground for relief after addressing petitioner's ineffective assistance of appellate counsel claims.

*A. Ground Four: Ineffective Assistance of Appellate Counsel*

It is arguable that Mr. Newbold did not follow the Fourth Circuit's directive, found at the conclusion of its *Harris*[3] decision and in the CJA Plan. Mr. Newbold informed petitioner of his right to file a petition for certiorari, but his representation went no further to preserve petitioner's direct

---

[3] *Harris*, 98 F. App'x at 242 ("This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.").

appeal. In fact, Mr. Newbold stated that he advised petitioner to file a § 2255 motion, when the only way to obtain review of petitioner's case in light of *Blakely* was to continue his direct appeal.

It may have been unreasonable to advise the defendant to file a collateral challenge to his conviction and sentence, hoping the Supreme Court would apply *Blakely* retroactively on collateral review. The Magistrate Judge is correct that it is "a rare occurrence indeed for the Supreme Court to apply any of its decisions retroactively on collateral review."

Nevertheless, the competency of appellate counsel's advice to Mr. Harris is irrelevant in this case unless petitioner can make out a valid constitutional claim. Before I can decide whether Mr. Harris was deprived of the constitutional right to the effective assistance of counsel, I must first determine whether he had this right in the first place.

The constitution guarantees a criminal defendant the right to the effective assistance of counsel on his first appeal as of right. *Evitts v. Lucey,* 469 U.S. 387, 396 (1985). But the constitution does not require counsel be provided to a defendant seeking to file a certiorari petition in the United States Supreme Court. *Ross v. Moffitt*, 417 U.S. 600, 617-18 (1974). Mr. Harris' assertion of a right to the effective assistance of counsel must rest on one of two premises. He must argue either that (1) a constitutional right to the effective assistance of counsel can exist even when there is no constitutional right to counsel; or (2) counsel's advice is properly characterized as advice in his continuing role as direct appellate counsel, not certiorari counsel.

I must reject the first argument. In *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (*per curiam*), the Supreme Court made clear that the right to effective assistance of appellate counsel is derived entirely from the constitutional right to appellate counsel and the former cannot exist where the latter is absent. The Court stated, "Since respondent had no constitutional right to

counsel, he could not be deprived of the effective assistance of counsel." *Id*. at 587-88.  *Torna* applied to state criminal defendants pursuing discretionary state appeals, but "it is impossible to escape the conclusion that the logic of *Torna* is equally applicable to petitions for certiorari: because *Moffitt* found there to be no right to counsel in connection with the filing of certiorari petitions, there must be no corresponding right to the effective assistance of counsel." *Miller v. Keeney*, 882 F.2d 1428, 1432 (9th Cir. 1989).  As Judge Kozinski stated in *Miller*, "*Torna* which compels the result in this case, rests on a single proposition: If a state is not constitutionally required to provide a lawyer, the constitution cannot place any constraints on that lawyer's performance." *Id.* (internal citations omitted).  I agree with Judge Kozinski that whatever the soundness of this logic, it has not commanded the Court's respect in other areas of the law. *See, e.g.*, Goldberg v. Kelly, 397 U.S. 254, 260-62 (1970) (although the constitution does not require a state to assist the indigent, if it chooses to do so it must comport with the requirements of due process); *Widmar v. Vincent,* 454 U.S. 263, 275 (1981) (although the constitution does not require a state university to create a forum generally open for use by student groups, once it has done so it may not discriminate against forms of speech protected by the first amendment).

Judge Kozinski continues:

> Moreover, we cannot overlook the irony inherent in the fact that while the constitution does not require a state to provide any direct appeals at all, *Lucey*, 469 U.S. at 393; *McKane v. Durston*, 153 U.S. 684 (1894), once it has done so a number of constitutional requirements spring into place: The state must provide free transcripts to indigent appellants, *Griffin v. Illinois*, 351 U.S. 12 (1956); cannot require indigent appellants to pay a filing fee, *Burns v. Ohio*, 360 U.S. 252 (1959); and must provide an attorney, *Douglas v. California*, 372 U.S. 353 (1963). Why the provision of appellate counsel beyond the first appeal as of right should be treated any differently is not self-evident.

*Miller*, 882 F.2d at 1432. Nevertheless, it is what the Supreme Court has held, and it applies to this case as it applied in *Miller*. Because Mr. Harris had no constitutional right to counsel in connection with the filing of a certiorari petition, he had no constitutional right to the effective assistance of counsel for that purpose.

I now turn to the second argument, that the right to counsel continues to exist in the period between losing a direct appeal and filing for discretionary review, so that Mr. Harris' attorney was still performing the role of direct appellate counsel when he advised Mr. Harris to file a § 2255 motion, and did not advise him to file a certiorari petition.[4] This argument is also foreclosed by *Torna*. 455 U.S. at 586. *Torna* denied the right to counsel to a defendant whose petition for discretionary review to the Florida Supreme Court was filed too late. *Id.* at 588. "If *Torna's* right to counsel did not extend to the late filing of a petition for discretionary review, it is difficult to discern a principle according to which the right to counsel could extend to failure to file such a petition altogether." *Miller*, 882 F.2d at 1432.

Though the constitution does not require appellate counsel to continue representation beyond a first appeal of right, the Fourth Circuit's CJA plan does require it under certain circumstances. Under the Fourth Circuit's CJA plan, appointed attorneys have a duty to pursue certiorari review, if requested by their clients, so long as counsel believes the petition would not be frivolous. *See Austin v. United States*, 513 U.S. 5, 8 (1994); *Proffitt v. United States*, 549 F.2d 910 (4th Cir. 1976), *cert. denied*, 429 U.S. 1076 (1977). Specifically, the plan provides that "counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the

---

[4] Unlike the mandatory jurisdiction that the United States Courts of Appeals have in first criminal appeals of right, "[r]eview on a writ of certiorari is not a matter of right, but of judicial discretion." Sup. Ct. R. 10 (2006).

-7-

defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant." CJA Plan § V, ¶ 2. The requirements imposed upon attorneys by the CJA plan, however, do not create Sixth Amendment rights in the represented.

Mr. Newbold may have failed to abide by the dictates of the Fourth Circuit's CJA plan by failing to advise Mr. Harris to file a certiorari petition in light of *Blakely*, when Mr. Harris orally requested to be heard *en banc*. Nevertheless, Mr. Newbold was no longer acting as counsel for petitioner's first appeal as of right; that appeal was over and with it Mr. Harris' right to effective assistance of counsel. *Miller*, 882 F.2d at 1433. Mr. Newbold's failure to pursue discretionary review was not a violation of Mr. Harris's constitutional rights and therefore cannot give rise to an ineffective assistance of counsel claim. In fact, the Court has held that a petitioner can succeed with an ineffective assistance of counsel claim "only if it is an independent constitutional violation." *Coleman v. Thompson*, 501 U.S. 722, 754 (1991). Petitioner's contention that he was denied the constitutional right to the effective assistance of counsel when he was not advised to file a certiorari petition fails because the constitution guarantees him no such right. I **FIND**, therefore, that a claim for ineffective assistance of counsel cannot be maintained for counsel's failure to comply with the Fourth Circuit's CJA plan.

### *B. Ground Two: Relevant Conduct*

Because of the court's conclusion on ground four of petitioner's motion, ground two fails as well. In ground two of his § 2255 motion, the petitioner challenges the district court's calculation of his relevant conduct at sentencing. Mr. Harris raised the same relevant conduct issues on direct appeal to the Fourth Circuit. The Fourth Circuit concluded that the district court had not erred in

attributing a quantity of marijuana and an amount of drugs seized during a search of Mr. Harris's residence to Mr. Harris. *United States v. Harris*, 98 F. App'x 240, 242 (4th Cir. 2004).

Petitioner can succeed in his collateral attack on these claims only if an intervening change in the law has occurred since the Fourth Circuit's decision. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Petitioner argues that *Booker* is that change in the law. In *United States v. Morris*, 429 F.3d 65 (4th Cir. 2005), the Fourth Circuit held that the rule announced in *Booker* was a new rule of criminal procedure, but not a watershed rule. *Id.* at 72. Accordingly, *Booker* is not available for post-conviction relief for federal prisoners, like petitioner in this case, whose convictions became final before *Booker* was decided. *Id*. According to the United States Supreme Court, a conviction becomes final when (1) the time expires for a defendant to file a petition for certiorari contesting an appellate court's affirmation of the conviction; (2) the Court denies the defendant's petition for certiorari; or (3) the Court affirms the defendant's conviction on the merits. *Clay v. United States*, 537 U.S. 522, 527-32 (2003). Petitioner's conviction became final on or about August 22, 2004, when the time to file a petition for certiorari to the Supreme Court had elapsed. Sup. Ct. R. 13 (2006). Because petitioner's conviction became final before the Supreme Court issued its *Booker* decision, *Booker* does not apply retroactively to petitioner's § 2255 motion. Without application of *Booker*'s change in the law, *Boeckenhaupt* prevents re-examination on collateral review of issues affirmed by the Fourth Circuit on direct appeal. *Boeckenhaupt,* 537 F.2d at 1183.

**III. Conclusion**

The court **REJECTS** the Magistrate Judge's findings and recommendation on ground four of petitioner's § 2255 motion. The court **FINDS** that petitioner cannot sustain a claim for ineffective assistance of counsel on a discretionary appeal. Accordingly, the court **DENIES** petitioner's request for collateral relief due to ineffective assistance of appellate counsel. The court **FINDS** that petitioner may not collaterally attack issues already decided by the Fourth Circuit on direct appeal without an intervening change in the law. Accordingly, the court **DENIES** petitioner's request for relief asserted in ground two of his motion. The court **ADOPTS** and incorporates herein the Magistrate Judge's findings and recommendations on grounds one and three of petitioners motion. Thus, the court **DENIES** Mr. Harris' Motion to Vacate, Set Aside, and Correct Sentence on all grounds asserted.

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented party. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and **DIRECTS** the Clerk to post this published opinion at http://www.wvsd.uscourts.gov.

ENTER: February 7, 2007

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

-10-